UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REMBERT GERALD FORD,

    Plaintiff,

v.

Case No. 05-72763

Honorable Patrick J. Duggan

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 12, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff Rembert Gerald Ford applied for Supplemental Security Income on March 13, 2003, and for Social Security Disability Insurance Benefits on July 23, 2003. Plaintiff alleged that he became disabled on March 24, 1998, at age 45, due to paranoid schizophrenia. The Social Security Administration denied Plaintiff benefits initially, prompting Plaintiff to request an administrative hearing. On February 17, 2005, an administrative hearing was held before Administrative Law Judge E. Patrick Golden ("ALJ"). In his decision issued on May 13, 2005, the ALJ concluded that Plaintiff was not disabled. Plaintiff appealed the ALJ's decision and the Appeals Council denied

review and it became the final decision of the Commissioner of Social Security.

On July 13, 2005, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g). Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge R. Steven Whalen. On April 5, 2007, Magistrate Judge Whalen filed his Report and Recommendation ("R&R") recommending that this Court deny Defendant's Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment, and remand the case for further fact finding. At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object and seek review of the R&R within ten days of service upon them.

Presently before the Court is Defendant's Objections to the Magistrate Judge's Report and Recommendation, which was filed on April 19, 2007.

**I.  Standard of Review**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision by a civil action . . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918,

2

922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 398, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The parts of an R&R to which a party objects will be reviewed by the court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* If, however, the ALJ does note that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work, but at step five of the inquiry . . . the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The five-step sequential process is as follows:

1. First, the ALJ considers whether the claimant is currently engaged in substantial

gainful activity. 20 C.F.R. 404.1520(a)(4)(i).[1]

2. Second, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. *Id.* §§ 404.1520(a)(4)(ii) and (c).[2]

3. Third, the ALJ considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing he or she is determined to be disabled regardless of other factors. *Id.*[3]

4. Fourth, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work. *Id.* § 404.1520(a)(4)(iv).[4]

5. Fifth, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he or she can perform jobs available in the national economy. *Id.* § 404.1520(a)(4)(v). If the claimant cannot perform such work, the ALJ must find that he or she is disabled. *Id.*[5]

Defendant argues that the ALJ properly weighed the evidence in determining that the findings of Plaintiff's treating physician, Dr. Shin, were inconsistent. Defendant objects:

---

[1] The ALJ concluded that there was no evidence that Plaintiff had worked since March 24, 1998, the onset date of his condition. (Tr. 22.)

[2] The ALJ concluded that Plaintiff's schizophrenia is a "severe" mental impairment. (Tr. 24.)

[3] The ALJ found that Plaintiff's impairment "does not meet the criteria of a listed impairment." (Tr. 24.)

[4] The ALJ found Plaintiff's "residual functional capacity within the range of unskilled work at any exertional level," and that Plaintiff was able to perform his past relevant work as a counselor. (Tr. 24-25.)

[5] The ALJ determined that, considering Plaintiff's age, educational background, work experience, and residual functional capacity, he "retains the capacity for work that exists in significant numbers in the national economy." (Tr. 26.)

4

> In recommending remand of the case, the magistrate judge
> focuses on the opinion of Plaintiff's treating psychiatrist, Dr.
> Shin, who reported, on a check-box form, extreme limitations
> (i.e., either "unable to meet competitive standards" or "no
> useful ability to function") in eight of sixteen categories of
> mental functioning (Tr. 150). The ALJ considered Dr. Shin's
> opinion but concluded that these limitations were unsupported
> by objective clinical or laboratory evidence.

(Def.'s Obj. at 1.) Furthermore, Defendant characterizes the R&R in the following manner: "The magistrate judge states that the ALJ, 'unfairly bisect[ed] Shin's findings by adopting the physician's GAF's score of 53' while rejecting the limitations set forth on the form." (*Id.* at 2 (alterations in original).) Objecting to this conclusion, Defendant states:

> We submit that the ALJ did not "bisect" the doctor's findings.
> Rather, confronted with an apparent inconsistency in the
> evidence, with a GAF score representing only "moderate
> limitations," the ALJ properly weighed the evidence and
> concluded that the specific and extreme limitations set forth
> by Dr. Shin, were inconsistent with both the GAF score and
> the other evidence of record.

(*Id.*)

It is well-established that in Social Security cases a "treating physician's opinion is normally entitled to substantial deference, but the ALJ is not bound by that opinion." *Jones*, 336 F.3d at 477 (citing *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)); 20 C.F.R. § 404.1527(d)(2). "If the treating physician's opinion is not supported by the objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for her [sic] rejection." *Id.* When an ALJ discredits the opinion of a treating physician, he or she is required to consider certain factors, including: the

"length of the treatment relationship and the frequency of examination;" the "nature and extent of the treatment relationship;" the "supportability" of the opinion; the "consistency" of the opinion "with the record as a whole;" and the "specialization" of the treating physician. 20 C.F.R. §§ 404.1527(d)(2)-(6). The ALJ must offer "good reasons" for the weight given to a treating physician's opinion. *Id.* § 404.1527(d)(2).

On June 1, 2004, Dr. Shin completed a Mental Health Residual Functional Capacity Questionnaire ("MHRFCQ"). Dr. Shin's examination led him to conclude that in six of the listed categories Plaintiff's mental abilities were "seriously limited," but did not preclude, him from performing unskilled work. (Tr. 150-51.) In eight of the remaining ten categories,[6] Dr. Shin reported that Plaintiff was "unable to meet competitive standards" or possessed "no ability to function." (*Id.*) After noting the general rule regarding the deference given to treating physician's opinion, the ALJ, referring to Dr. Shin's June 1, 2004 MHRFCQ, concluded that "Dr. Shin's evaluation of [Plaintiff's] limitations is overstated based upon a review of the record as a whole, particularly the doctor's own treatment notes. Thus, the opinion is accorded limited weight." (Tr. 25.)

Contrary to the ALJ's conclusion, a review of the Dr. Shin's own treatment notes leads this Court to conclude that they were consistent with the reported limitations. On June 3, 2003, Dr. Shin gave Plaintiff a Global AF score of 53, indicating moderate symptoms, and made many observations in the "Mental Health Status" section of his report that were similar to those made in the "Clinical Findings" section of his MHRFCQ.

---

[6]Two of the listed categories were not completed. (*See* Tr. 150.)

(*Compare* Tr. 145-46 *with* Tr. 148.) On September 23, 2003, Dr. Shin again made similar findings to that reported in the MHRFCQ in concluding that Plaintiff cannot work for at least three years and that Plaintiff suffered from mental limitations in the areas of comprehension, memory, and concentration. (Tr. 142-43.) Furthermore, on October 7, 2003, Dr. Shin reported that Plaintiff "still hears voices" and gave Plaintiff a GAF score of 53. (Tr. 141.)

In addition, this Court does not believe the other evidence in the record was inconsistent with Dr. Shin's evaluation. While the ALJ accorded Dr. Shin's evaluation of Plaintiff's limitations limited weight, he accorded Dr. Shin's GAF score of 53 "great, but cautious weight." (Tr. 23.) Similar to the selective adoption of Dr. Shin's GAF score, the ALJ selectively adopted portions of the consultative medical exam performed by Dr. Coutu. Dr. Coutu gave Plaintiff a GAF score of 41-50, representing serious symptamatology. (Tr. 23.) While this is consistent with Dr. Shin's evaluation of Plaintiff's limitations, the ALJ thought that this was "inconsistent with [Plaintiff's] presentation as described by Dr. Coutu . . . ." (Tr. 23.) Dr. Coutu's "Psychological Assessment," however, indicates that it was difficult to diagnose Plaintiff based on lack of information. (Tr. 139). Nevertheless, the ALJ adopted much of Dr. Coutu's assessment to substantiate his observations of Plaintiff at the hearing. (Tr. 22-23.)

Other evidence relied upon by the ALJ in rejecting Dr. Shin's evaluation included treatment notes from a facility Plaintiff went to while living in Georgia. The ALJ noted, however, that these notes documented "a variety of activities not fully legible, but which appear to be inconsistent with an allegation of inability to work." (Tr. 23.) Given that

7

these notes were illegible, this Court does not believe that the ALJ could rely on them to determine that Dr. Shin's evaluation was inconsistent.

Finally, the ALJ relied on Plaintiff's own testimony at the hearing to determine that his alleged degree of limitation was contradictory. The ALJ noted that Plaintiff indicated "that he is able to watch television and read for two to three hours each, which would actually suggest that the claimant's schizophrenia is not 'severe.'" (Tr. 25.) Even if Plaintiff's testimony led the ALJ to conclude that he was not credible and that his symptoms were exaggerated, this evidence alone does not support the ALJ's finding that Plaintiff was able to perform unskilled work at any exertional level.

In conclusion, this Court concurs with Magistrate Judge Whalen. It is clear to this Court that the ALJ rejected Dr. Shin's opinion without a reasoned basis when it determined that Plaintiff could perform unskilled work at any exertional level. The record as a whole was not inconsistent with Dr. Shin's evaluation of Plaintiff's limitations.

Accordingly, for the reasons set forth above, and for the reasons set forth by Magistrate Judge Whalen in the Report and Recommendation,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED,** Plaintiff's Motion for Summary Judgment is **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Rembert Gerald Ford
P.O. Box 43812
Detroit, MI 48243
Janet L. Parker, AUSA
Magistrate Judge R. Steven Whalen